Daniel E. Fitzpatrick, J.
In this action instituted in Queens County pursuant to section 51 of the General Municipal Law in which plaintiffs seek, inter alia, to enjoin construction of a Federally-aided public housing project to be located in the area bounded by Horace Harding Expressway, Colonial Avenue, 62nd Drive and 108th Street, in the Borough of Queens, on the grounds that the proposed construction constitutes ‘ ‘ unwarranted waste *841 and expenditures of public funds and injury to public property and to the taxpayers of the City of New York ’ defendants move to change the venue to New York County.
In opposition to the motion, plaintiffs contend that (1) that portion of section 51 of the General Municipal Law which provides ‘ ‘ All officers, agents, commissioners and other persons acting, or who have acted, for and on behalf of any county, town, village or municipal corporation in this state, and each and every one of them, may be prosecuted, and an action may be maintained against them to prevent any illegal official act on the part of any such officers, agents, commissioners or other persons, or to prevent waste or injury to, or to restore and make good, any property, funds or estate of such county, town, village or municipal corporation by any person or corporation whose assessment, or by any number of persons or corporations, jointly, the sum of whose assessments shall amount to one thousand dollars, and who shall be liable to pay taxes on such assessment in the county, town, village or municipal corporation to prevent the waste or injury of whose property the action is brought, or who have been assessed or paid taxes therein upon any assessment of the above-named amount within one year previous to the commencement of any such action” mandates that the action be tried in Queens County, and (2) that since this is an action affecting real property located in Queens, venue here is proper. This court does not agree for the following reasons: It appears that the language of section 51 of the General Municipal Law cited by plaintiffs merely gives plaintiffs standing to sue; it does not, by its terms, deal with venue. This court is of the opinion, therefore, that the determination of proper venue is governed by article 5 of the CPLB. CPLB 504 provides, inter alia, that the place of trial of an action against the City of New York shall be in the county within the city in which the cause of action arose. While the construction objected to will be in Queens County, the alleged cause of action upon which suit is brought arose in New York. Accordingly, insofar as the City of New York is concerned, the city is a resident of New York County for venue purposes. Since all the other defendants except defendant Mario J. Cariello, as President of the Borough of Queens, are residents of New York, this court is of the opinion that the motion should be granted and venue should be changed to New York County. (See CPLR 502.)
Plaintiffs’ second contention that this is an action affecting title to or the possession, use or enjoyment of real property is without merit.